# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Aubrey Spencer,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>Dean Borders,<br><br>　　　　　Respondent. | Case No. 2:17-cv-08534-JGB-MAA<br><br>**ORDER REQUIRING SUPPLEMENTAL BRIEFING REGARDING MOOTNESS; ORDER TO SHOW CAUSE WHY THE COURT SHOULD NOT RECOMMEND DISMISSAL FOR FAILURE TO PROSECUTE** |

　　　　Petitioner filed a petition for writ of habeas corpus, in which he challenged the rate at which he accumulated "good time" credits. (*See* ECF No. 1, at 5-6.) Petitioner did not challenge his criminal conviction. (*See generally id.*) On April 25, 2018, Petitioner filed a Notice of Change of Address updating the Court with new address information. (ECF No. 11.) The address Petitioner provided is a street address in Los Angeles. Mail from the Court directed to Petitioner at his new address returned undelivered. (*See* ECF No. 18.) On July 19, 2018, the Court ordered Petitioner to provide his current address. (ECF No. 19.) The Court expressly warned Petitioner that failure to respond to the order would result in a recommendation that the action be dismissed with prejudice for failure to prosecute.

(*Id.*)  That order, too, was returned undelivered.  (*See* ECF No. 20.)  Meanwhile, Petitioner does not appear in the results of an inmate search on the California Department of Corrections and Rehabilitation website.

If Petitioner is no longer incarcerated, then his Petition may be moot.  A petition for writ of habeas corpus is moot where a petitioner's claim for relief cannot be redressed by a favorable decision of the court.  *See Burnett v. Lampert*, 432 F.3d 996, 1000-01 (9th Cir. 2005).  Where a petition does not challenge the validity of a conviction, and instead seeks only an earlier release date, the petition may become moot when the petitioner is released from custody.  *See Nonnette v. Small*, 316 F.3d 872, 875-76 (9th Cir. 2002) (noting that habeas relief for potential petitioner alleging deprivation of good-time credits would be moot because the individual had been released from incarceration, and that the appropriate vehicle instead was a civil rights action under 42 U.S.C. § 1983); *Johnson v. Swarthout*, No. 11-cv-2715 GEB CKD P, 2013 U.S. Dist. LEXIS 70148, at *4-10, 2013 WL 2150333, at *2-3 (E.D. Cal. May 15, 2013) (recommending dismissal as moot of habeas petition in which released petitioner sought good-time credits); *but see Reynolds v. Thomas*, 603 F.3d 1144, 1148 (9th Cir. 2010) (petition not mooted upon petitioner's supervised release where habeas relief could result in reduction of term of supervised release).

Here, the Petition pertains to the limited issue of sentencing credits.  If Petitioner has been released and the Court can provide no remedy for the alleged deprivation of good-time credits, then the Petition is moot.  The parties are **ORDERED** to submit supplemental briefing regarding mootness.  Petitioner and Respondent shall file supplemental briefs no longer than ten (10) pages establishing whether Petitioner is still incarcerated and, if the Petitioner is no longer incarcerated, whether the Petition is moot.  These briefs must be filed within **twenty-one (21) days** of the date of this Order.

Additionally, Petitioner is **ORDERED TO SHOW CAUSE** why the Petition

2

should not be dismissed for failure to prosecute.  Failure to comply with a Court order or to inform the Court of Petitioner's current address may result in dismissal of the action for failure to prosecute.  *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988); C.D. Cal. L.R. 41-6.  "If mail directed by the Clerk to a *pro se* plaintiff's address of record is returned undeliverable by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution."  C.D. Cal. L.R. 41-6.

The Court has afforded Petitioner ample time to update the Court with his current address or remedy any error in the contact information he provided.  This is Petitioner's final chance to do so.  Petitioner must correct his address within **twenty-one (21) days** of the date of this Order; else, the Court will recommend dismissal of the Petition with prejudice.

**IT IS SO ORDERED.**

DATED:  September 25, 2018

MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE

3